IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LEE DAVIS, | § | |
|   PETITIONER, | § | |
| | § | |
| V. | § | NO. 3:03-CV-2070-N |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
|   RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Petitioner Freddie Lee Davis is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Factual and Procedural History**

On January 31, 2000, Davis pleaded guilty to theft of property valued at less than $1,500. The trial court sentenced Davis to ten years' community supervision. (C.R. at 30.) Less than eight months later, the State filed a motion to revoke Davis's community supervision because he committed aggravated robbery on July 22, 2000 and because he failed to report to his probation officer. As stated by the state court of appeals, the facts of the revocation hearing and the aggravated robbery are as follows:

> At his revocation hearing, [Davis] pleaded "true" to violating the probation condition that required him to report periodically to the probation department. [Davis] pleaded "not true" to an allegation he violated a probation condition by committing aggravated robbery.
>
> Daniel Gamino testified he was working for Apollo Wrecker Service on July 22, 2000. As he pulled into Apollo's lot, he saw [Davis] pushing a shopping cart towards the lot's exit. Gamino asked [Davis] what he was doing, and [Davis] said he was collecting scrap metal. Gamino did not believe that the metal items [Davis] had in his cart were scrap, so Gamino told [Davis] to wait until Apollo's owners arrived and could approve of [Davis] taking the items. [Davis] began cursing Gamino. When Gamino attempted to remove the items from [Davis's] cart, [Davis] produced a utility knife and tried to cut Gamino with it. Gamino retreated and hit a panic button in his tow truck that alerted his dispatcher. While Gamino called the police on a mobile phone, [Davis] pushed the cart out of the lot. As [Davis] walked away, Gamino saw him throw items from the cart onto the ground. These items included several painted metal signs and an oil container. [Davis] eventually stopped at a convenience store, where he was later apprehended. The arresting officers discovered a utility knife in [Davis's] possession when they arrested him.
>
> [Davis] testified he was homeless when he was arrested. He was collecting scrap metal in hopes of selling it to a recycling center. He pushed his shopping cart through the open gate of the Apollo lot. He "hollered" to see if anyone was around, but received no response. [Davis] picked up some rusted aluminum signs, put them in his cart, and began to leave. He saw Gamino stop his tow truck outside the gate. [Davis] asked Gamino if he could have the signs. When Gamino said no, [Davis] politely thanked him and set the signs on the ground. [Davis] was "a'scared" of Gamino because Gamino was "talking violent." When Gamino acted like he was going to pull out a gun, [Davis] brandished his utility knife in self defense. When Gamino said he was going to get a gun out of his truck and kill [Davis], [Davis] ran away. [Davis] dismissed the incident and went to a convenience store to purchase a cigar and a lighter. He was arrested as he left the store.

*Davis v. State*, No. 5-01-657-CR, 2002 WL 461568, at *1 (Tex. App.—Dallas Mar. 27, 2002, pet. ref'd, untimely filed) (not designated for publication). The trial court found the State's allegations in its motion to revoke true, revoked Davis's community supervision, and sentenced Davis to 10 years' confinement. The Fifth District Court of Appeals affirmed Davis's conviction, and the Texas Court of Criminal Appeals refused Davis's pro se petition for discretionary review as untimely filed on May 22, 2002. *Davis v. State*, No. 5-01-657-CR, 2002 WL 461568 (Tex. App.—Dallas Mar. 27,

2002, pet. ref'd, untimely filed) (not designated for publication). Davis filed a state application for habeas corpus relief, which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Davis*, No. 56,092-01 (Tex. Crim. App. July 30, 2003) (not designated for publication). Davis filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on September 11, 2003.

## Issue

Davis argues counsel Teresa Jan Hawthorne was constitutionally ineffective at the revocation hearing when she failed to:

1. challenge the aggravated-robbery indictment,

2. investigate the facts and interview the complainant and the arresting officers,

3. seek to exclude the oil can and the signs,

4. challenge how the police disposed of the evidence used against him,

5. present medical evidence to explain why Davis failed to report,

6. cross-examine the police officers, and

7. call other necessary witnesses.

## Exhaustion of State Court Remedies

Dretke argues that Davis's claims that counsel should have cross-examined the police officers and called other necessary witnesses have not been exhausted and asserts that they have been procedurally defaulted. However, Dretke believes that Davis's remaining allegations regarding counsel's conduct have been properly exhausted.

3

**Exhaustion and Procedural Default**

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 160 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (per curiam).

Dretke asserts that Davis failed to properly exhaust his claims that counsel was ineffective when she did not cross-examine the officers and did not call necessary witnesses. Indeed, Davis did not raise these allegations in his state habeas corpus application. Thus, he seeks federal habeas relief on factual allegations that were never fairly presented in the Texas courts, which renders these claims unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). However, Davis cannot return to the Texas courts to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual

prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Davis has failed to raise any argument to excuse his default; thus, this claim is procedurally barred.[1]  28 U.S.C. § 2254(b)(2).

### Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46

---

[1] Davis asks that this Court stay and abate his habeas corpus petition to allow him time to return to the state courts and exhaust these claims. (Docket Entry No. 11.) But because it would be futile to return to the state courts to exhaust, this is not a feasible solution. This motion will be denied in a separate order.

(5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### **Ineffective Assistance of Counsel**

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is

evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

Davis's complaints about counsel were reviewed and rejected during state collateral review proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

First, Davis cannot meet the prejudice requirement of the *Strickland* test. As shown by the facts as recited above, the evidence clearly establishes Davis's guilt; thus, he cannot show that the result of the revocation hearing would have been different had counsel acted differently. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *see also Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. Nov. 1981). This is especially accurate because Davis pleaded true to the allegation that he failed to report; thus, this was sufficient to revoke Davis's probations. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Second, Davis has failed to show deficient performance.

Davis argues that counsel should have challenged the indictment because Gamino was identified as the owner of the property when he was merely employed by the owner. (Federal Pet. Attach. at 9-10.) But Gamino was an "owner" under state law. TEX. PENAL CODE ANN. § 1.07(35)(A) (Vernon Supp. 2004-05); *Sherlock v. State*, 632 S.W.2d 604, 608 (Tex. Crim. App. 1982). Any objection by counsel on this basis would have been futile; thus, counsel was not deficient. *See, e.g., Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not

7

deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

Davis asserts counsel should have investigated the facts and interviewed Gamino and the arresting officers. (Federal Pet. Attach. at 10-11, 12.) In her affidavit, Hawthorne stated that she properly investigated Davis's case:

> I personally took pictures of the crime scene, which I showed Mr. Davis. The complaining witness would not talk with me or return my calls. However, at the Revocation Hearing Mr. Gamino answered my questions at court. I relayed my conversation with Mr. Davis, but he still wanted to proceed with a trial. Judge Francis even asked the state couldn't something be worked out. Mr. Davis refused to agree to any offers made.
>
> Mr. Davis alleges that the arresting officer approached him on the offense date and asked him what he was suppose to have stolen and that the officer told him that the old beat-up and rusting signs were worth nothing. THIS IS EVIDENCE I was NEVER GIVEN. Mr. Davis never told me this. (State Habeas R. at 57.)

Based on this affidavit, the state habeas courts concluded that counsel was not ineffective. (*Id.* at 51-53.) Davis has failed to overcome the presumption of correctness of these findings. 28 U.S.C. § 2254(e)(1).

Further, this conclusion is not contrary to federal law and was not an unreasonable determination of the facts in light of the evidence. *Id.* § 2254(d). In order to establish that counsel were ineffective due to a failure to investigate the case, Davis must do more than merely allege a failure to investigate—he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the

8

outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F. Supp. 2d 661, 691 (S.D. Tex. 2001). Davis has failed to meet this test. Indeed, Davis's lack of cooperation during counsel's investigation mitigates against a deficient-performance finding. *See Randle v. Scott*, 43 F.3d 221, 225 (5th Cir.) (per curiam) (holding counsel not deficient when defendant told attorney to quit investigating prior conviction, even though it had been reversed, to expedite his guilty plea), *cert. denied*, 515 U.S. 1108 (1995); *Bell v. Watkins*, 692 F.2d 999, 1009 & n.11 (5th Cir. 1982) (holding counsel not deficient when defendant refused to provide a list of witnesses that would help his case), *cert. denied*, 464 U.S. 843 (1983); *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982) (same), *cert. denied*, 461 U.S. 910 (1983); *Akridge v. Hopper*, 545 F.2d 457, 459 (5th Cir.) (holding counsel not deficient where defendant claimed he could remember nothing of the crime and gave no indication of a credible defense), *cert. denied*, 431 U.S. 941 (1977). Thus, counsel was not deficient.

Davis argues that counsel should have sought to exclude the oil can and the signs. (Federal Pet. Attach. at 11-12.) The oil can and signs were not introduced into evidence. (6 R.R. at 4.) Likewise, there is no evidence that the evidence was improperly disposed of under state law. (Federal Pet. Attach. at 13.) TEX. CODE CRIM. PROC. ANN. art. 47.01 (Vernon Supp. 2004-05). Thus, counsel cannot be held deficient for failing to object on these bases.

Finally, Davis asserts counsel should have presented medical evidence to explain his failure to report. (Federal Pet. Attach. at 13.) Counsel stated in her affidavit that she was unaware that he failed to report to the probation office because he was on heavy medication. (State Habeas R. at 57.) The habeas courts credited this statement and concluded that counsel was not deficient. (*Id.* at 53.) Davis has failed to overcome the presumption of correctness applicable to these findings. 28 U.S.C.

§ 2254(e)(1).  Indeed, counsel's investigation of this violation was hampered by Davis's lack of cooperation.  *See Akridge*, 545 F.2d at 459.

## Summary

Davis is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination that Davis was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED May 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE**
**AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE